## Smith's Estate.

*Judgment—Orphans' court—Striking off judgment.*

Where the court of common pleas in obedience to a decision of the Supreme Court has stricken off a judgment on a scire facias sur mortgage, and all proceedings thereunder, including a sale of the mortgaged premises to the mortgagee, the mortgagee may subsequently prefer his claim in the orphans' court on distribution of the proceeds of the sale of the mortgagor's estate.

Argued Oct. 21, 1902. Appeal, No. 140, Oct. T., 1902, by M. H. Stevenson, from decree of O. C. Washington County,

May T., 1897, No. 35, overruling exceptions to auditor's report in the matter of the account of William M. Jackson, administrator of Stephen Smith, deceased. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to auditor's report.
See Smith's Estate, 194 Pa. 259.

*Error assigned* was the decree of the court.

*M. H. Stevenson*, for appellant.

*A. M. Todd*, with him *J. A. Wiley*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903 :

The allowance of the claim of J. B. Tenan, to participate in the fund for distribution, was resisted by the appellant on the ground that it had been paid by the judgment and proceedings thereon on the scire facias on the mortgage at No. 57, November term, 1899, of the court of common pleas of Washington county. At the instance of Tenan, however, prior to the allowance of his claim by the orphans' court, the common pleas struck from its records said judgment and the decree approving the sheriff's special return on the levari facias issued on the judgment, and the action of that court has this day been affirmed by this court. It therefore follows that Tenan's claim was properly allowed out of the fund for distribution by the orphans' court. This court so held in an exhaustive opinion by the late Chief Justice GREEN in Smith's Estate, 194 Pa. 259. The right of the appellee to have payment of his claim from the estate of Stephen Smith, deceased, was adjudicated in that case and for the reasons given in the opinion this decree must be affirmed.

It is time that litigation arising out of the settlement of this estate should cease. Eight years of persistent effort in the courts of Washington county and in this court should afford ample opportunity to have the rights of the interested parties fully and finally determined. Interest republicae ut sit finis litum.

The decree is affirmed.